# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CARLA BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| WALMART STORES, INC., | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

NOW COMES Defendant, WAL-MART STORES EAST, LP, incorrectly sued as WAL-MART STORES, INC., ("Wal-Mart"), by and through its attorneys, James P. Balog and Brian M. Martinez of O'Hagan Meyer, LLC, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removes this action to the United States District Court for the Northern District of Indiana, and in support thereof, states as follows:

1. The movant's Notice of Removal is based upon subject matter jurisdiction conferred by diversity of citizenship, as established in 28 U.S.C. § 1332.

2. The named Plaintiff is currently and was at the time of the subject accident a citizen and resident of the State of Indiana. (*See* Plaintiff's Complaint at Law attached hereto and incorporated herein as Exhibit A, ¶ 1).

3. Both at the time of the commencement of the State Court action and at the present time, the Defendant, Wal-Mart, is a Delaware Corporation and its executive headquarters are located in Bentonville, Arkansas. (*See* Arkansas Secretary of State Business Information Search, attached as Exhibit B). A corporation has a single principal place of business where its executive headquarters are located. *Metropolitan Life Ins. Co. v. Estate of Cammon*, 929 F.2d 1220, 1223 (7th

Cir. 1991). Therefore, at all pertinent times, Wal-Mart is and has been a citizen of Delaware and Arkansas.

4. This matter arises out of slip and fall accident which occurred on January 5, 2016 at the Wal-Mart store located at 2400 Morthland Drive, Porter County, Valparaiso, Indiana. The Plaintiff, CARLA BROWN, filed a Complaint in the Porter County Superior Court, styled *Carla Brown v. Wal-Mart Stores, Inc.*, bearing Porter County Superior Court, Indiana, Case No. 64D05-1801-CT-000107. (Exhibit A).

5. Wal-Mart first received Plaintiff's Complaint when it was served with process on May 3, 2018. (*See* Service of Process Transmittal, attached hereto and incorporated herein as Exhibit C). In response to the Complaint, Wal-Mart filed its Appearance, Jury Demand, and Answer and Affirmative Defenses. (*See* Wal-Mart's Appearance, Jury Demand, and Answer and Affirmative Defenses, attached hereto and incorporated herein as Exhibit D).

6. On April 18, 2019, Defense Counsel received a demand letter from Plaintiff that indicated Plaintiff is claiming $194,941.00 in medical bills, which includes right shoulder total replacement surgery. (*See* Exhibit E, Plaintiff's Demand Letter).

7. Defense Counsel did not become aware this case was removable until review of Plaintiff's demand letter. Up until then, Plaintiff's damages were unknown. (*See* Exhibit F, Affidavit of Defense Counsel, James Balog).

8. Where a case is not removable by review of the initial pleadings, Wal-Mart has a statutory right to file its Notice of Removal "thirty days after receipt…of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). As established in this Notice, Wal-Mart has properly filed its Notice of Removal within the applicable thirty-day time frame, as

Defendant's first became aware that Plaintiff's claim exceeded $75,000 on April 18, 2019, after review of Plaintiff's demand letter that indicated Plaintiff is claiming in excess of $194,000.00 in medical bills.

9. With the first notice that the amount in controversy exceeded $75,000 occurring on April 18, 2019, this Notice was filed within thirty (30) days of "receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

10. As required by 28 U.S.C. § 1446(d), the movant will promptly serve upon Plaintiff's counsel, and file with the Porter County Superior Court, a true and correct copy of this Notice.

11. By removing this action, Defendant does not waive any defenses available to it.

12. If any question arises as to the propriety of the removal of this action, the movant requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

13. This Notice is signed and in compliance with Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant, WAL-MART STORES EAST, LP, prays that this Honorable Court retain jurisdiction of the matter pursuant to 28 U.S.C., §§ 1332, 1441, and 1446.

Dated: April 30, 2019

    Respectfully submitted,
    O'HAGAN MEYER LLC

By: /s/ James P. Balog
    One of the Attorneys for Defendant,
    Wal-Mart Stores East, LP

James P. Balog, Esq.
Brian M. Martinez, Esq.

O'Hagan Meyer LLC
One East Wacker Drive, Suite 3400
Chicago, IL 60601
Tel: 312-422-6100 / Fax: 312-422-6110
[jbalog@ohaganmeyer.com](mailto:jbalog@ohaganmeyer.com)
[bmartinez@ohaganmeyer.com](mailto:bmartinez@ohaganmeyer.com)